IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
Nashville Division

KAREN BOYD, and others
similarly situated,

    Plaintiffs,

v.

ECHOSPHERE, LLC

    Defendant.

No.: _____

FLSA COLLECTIVE ACTION

JURY DEMANDED

## COMPLAINT

PLAINTIFF, Karen Boyd, brings this action against the Defendant on behalf of herself and others similarly situated.

### I. PARTIES, JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1337. The Court has personal jurisdiction over the Plaintiff, a resident of Madison, Tennessee and the Defendant, who does business in Davidson County, Tennessee.

3. Venue also lies in this Middle District of Tennessee, pursuant to 28 U.S.C. ' 1391, because the Defendant does business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

4. Plaintiff is a former employee of Echosphere, LLC. (hereinafter "Defendant"). During her employment with Defendant, she was a covered employee under the FLSA.

5. The Defendant is a business engaged in commercial enterprise. It is a covered employer under the FLSA.

6. In addition to the named Plaintiff, Defendant employs and has employed within the last three years additional similarly situated employees.

## II. INTRODUCTION

7. Plaintiff brings this claim individually and as part of a collective action, under the FLSA, 29 U.S.C. § 216(b) on behalf of other employees of Defendant who were denied overtime compensation. The collective action claims are for overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

## III. PLAINTIFFS ARE "NON-EXEMPT" UNDER THE FLSA

8. Defendant employed Plaintiff from approximately October of 2006 until February of 2009. She worked as a dispatcher.

9. Plaintiff performed work in excess of forty (40) hours per week on a regular and repeated basis.

10. In addition to Plaintiff, other similarly situated employees of Defendant performed work in excess of forty (40) hours on a regular and repeated basis.

11. Plaintiff and other similarly situated employees are "non-exempt" under the Fair Labor Standards Act.

12. Similarly, under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

13. However, when Plaintiff worked more than forty (40) hours during a week, Defendant did not compensate Plaintiff at a rate of "one and one-half times the regular rate at which [the Plaintiff

2

was] actually employed" for the first forty (40) hours of work. *See* 29 C.F.R. § 778.107.

14. Moreover, when other similarly situated employees worked more than forty (40) hours during a work week, Defendant did not compensate these employees at a rate of "one and one-half times the regular rate at which [the employees were] actually employed" for the first forty (40) hours of work. *See* 29 C.F.R. § 778.107.

## IV. THE "CLEAR AND MUTUAL UNDERSTANDING" REQUIREMENT UNDER THE "FLUCTUATING WORKWEEK"

15. Under narrow circumstances, the FLSA does permit employers to pay "half time" in lieu of "one and one-half" times the regular rate of pay under the so-called "fluctuating workweek" scheme.

16. In order to avail itself of the fluctuating workweek scheme, the employer must reach a clear and mutual understanding with the employee that the employee's fixed salary is compensation, apart from overtime premiums, for the hours worked each workweek, whatever their number.

17. Defendant reached no such clear understanding with Plaintiff and other similarly situated employees.

18. To the contrary, Defendant's paystubs demonstrate that Plaintiffs make a set hourly rate, which is inconsistent with the fluctuating workweek provisions of the FLSA.

## V. THE "FIXED SALARY" REQUIREMENT

19. In addition to the clear and mutual understanding requirement, employees paid under the fluctuating workweek scheme must be paid their fixed salary even if they work less than 40 hours in a workweek. Under the fluctuating workweek method, the employer may make only occasional disciplinary salary deductions for tardiness or willful absences.

20. Instead of complying with this requirement, Defendant makes illegal deductions from the

3

pay of Plaintiff and other similarly situated employees. For example, Defendant provides employees with only a limited amount of sick time. Once Plaintiff and similarly situated employees exhaust their sick time, Defendant has a policy and practice of making deductions from their pay.

## VI.  CONCLUSION

21. Defendant's failure to pay Plaintiff and other similarly situated employees overtime wages are willful violations of the FLSA.

22. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees of Defendant are similarly situated to Plaintiff with regard to their wages and damages, in that they have been denied proper overtime compensation for at least three (3) years prior to the filing of this complaint. Plaintiff is representative of those other current and former employees and is acting on behalf of their interests as well as Plaintiff's own interest in bringing this action. Those similarly situated employees are known to Defendant and are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for overtime compensation, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

## VII.  CAUSES OF ACTION

23. The forgoing facts are incorporated by reference as if fully stated herein.

24. Plaintiff, on behalf of herself and others similarly situated, brings the following cause of action against Defendant:

4

A.  Willful failure to pay overtime wages in violation of the Fair Labor Standards Act of 1938.

B.  Plaintiff demands a jury.

## VI.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

25.  Authorization to issue notice pursuant to 29 U.S.C. §216(b) at the earliest possible time to all current and former employees of Defendant who were paid under Defendant's improperly implemented "fluctuating workweek" scheme during the three (3) years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit if they worked hours in excess of forty (40) hours in a week during the last three (3) years, but were not paid one and one-half their regular rate of pay as overtime compensation under the FLSA.

26.  A declaratory judgment that Defendant has violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiff and similarly situated persons who opt into this action;

27.  A declaratory judgment that Defendant's violations of the FLSA were willful.

28.  An award to Plaintiff and others similarly situated who opt into this action of damages in the amount of unpaid overtime compensation to be proven at trial.

29.  An award to Plaintiff and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

30.  An award to Plaintiff and others similarly situated who opt into this action of reasonable attorneys fees and costs, pursuant to 29 U.S.C. § 216(b); and

31.  An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

**GILBERT RUSSELL McWHERTER PLC**

_____
MICHAEL L. RUSSELL (20268)
JUSTIN S. GILBERT (017079)
CLINTON H. SCOTT (23008)
101 North Highland Avenue
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
mrussell@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF*